UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN PUTRUS, ALEXANDER PUTRUS | Case No.: 21-11312 |
| Plaintiffs, | Matthew F. Leitman<br>United States District Judge |
| v. | |
| WILLIAM MORRISON, *et al.*, | Curtis Ivy, Jr.<br>United States Magistrate Judge |
| Defendants.<br>_____/ | |

## ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL (ECF No. 46).

Plaintiffs filed this civil rights case on June 3, 2021. (ECF No. 1). Plaintiffs' instant motion to compel was referred to the undersigned. (ECF No. 47). For the reasons discussed below, the undersigned **GRANTS** Plaintiffs' motion to compel and **ORDERS** that Defendants' file the Confidential Informant's identity under seal and to fully answer and produce. (ECF No. 46).

### I. DISCUSSION

At issue here are interrogatories 3, 4, 5, and 6 and requests for production 6 and 7. Defendants object to Interrogatory 6 because of due process and the rest of Defendants' objections are that the information sought is protected by the informer's privilege.

1

Plaintiffs assert claims under 42 U.S.C. § 1983 related to conduct by officers of the narcotics unit of the Detroit Police Department ("DPD"). Plaintiffs allege unlawful search or seizure, false arrest, malicious prosecution, a due process violation arising out of a Brady violation, a *Monell* claim, and state claims involving the same facts. (ECF No. 1). This discovery dispute relates to a search warrant obtained and executed on October 22, 2018, and an anonymized investigation report regarding DPD misconduct. (ECF No. 46, PageID.642).

Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26. Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).

On October 22, 2018, Defendant William Morrison signed an affidavit to obtain a search warrant, citing information from Defendant Benitez and an unregistered Confidential Informant ("CI"). (ECF No. 46, PageID.642). Plaintiffs assert the information provided by Benitez and the CI was the only reference in the warrant to heroin and the sale or trafficking of the same at Plaintiffs' check cashing business at 11935 E. Warren. (*Id.* at PageID.647).

Officers of the DPD executed the warrant at 11935 E. Warren. During the search, substances were found and seized. (*Id.*). Defendants indicate preliminary testing by DPD suggested the seized substances to be heroin and cocaine, but Plaintiffs assert the field testing was inconclusive. (ECF No. 48, PageID.725; ECF No. 49, PageID.735). Later, criminal charges were brought against Plaintiffs. (ECF No. 46, PageID.648). The charges against Plaintiffs were dismissed on June 26, 2019, on motion by the United States. (*Id.*). Plaintiffs assert the charges were dismissed because the substances were not controlled substances. (*Id.*). Defendants indicate that "alleged testing by Federal agents, after a Federal Prosecution had begun (which is against protocol), allegedly found no drugs" and argue, with no supporting law, that because Plaintiffs destroyed the white powdery substance once they regained possession that "it must be assumed they were drugs." (ECF No. 48, PageID.725).

3

All of the Defendants here were members of the DPD narcotics unit — the subject of a Federal Bureau of Investigation ("FBI") and internal affairs investigation in 2020 "for massive corruption in what was deemed 'Operation Clean Sweep.'" (ECF No. 46, PageID.648). Plaintiffs' counsel provides excerpts from the "Operation Clean Sweep" report, which is publicly available and contains investigative findings related to violations by DPD narcotics unit officers. (*Id.*). The Operation Clean Sweep report uses numbers, rather than names, and Defendants object to confirming which Defendants correspond to each number because "[n]umbers were used instead of names for due process consideration regarding the involved numbers. Therefore, the names cannot be provided or confirmed." (*Id.* at PageID.649). Plaintiffs assert that "Member #1" is Defendant Benitez, "Member #2" is Defendant Meadows, and "Member #3" is Defendant Zarosly. (*Id.*). Of Meadows, Zarosly, and Benitez, only Defendant Benitez appears to have a connection to the probable cause for execution of the search warrant in question.

Plaintiffs assert they have reason to believe "Member #1" is Defendant Benitez because the Operation Clean Sweep findings indicate "Member #1" was hired in 1997 and retired in October 2020 during the investigation. (ECF No. 46, PageID.649) (citing No. 46-5, PageID.689; PageID.696). Defendant Benitez's personnel file indicates his appointment date was 1997 and he retired on October

4

14, 2020. (*Id.*). Plaintiffs also indicate Benitez was suspended on August 21, 2020, because Benitez "was identified as engaging in misconduct which consisted of falsifying information contain in search warrants that he authored. . . ." (*Id.*) (quoting ECF No. 46-7, PageID.705).

In response, Defendants argue the cases Plaintiff relies on to seek the disgorgement of the CI's identity are distinguishable because both cases yielded no illegal drugs. (ECF No. 48, PageID.725). Defendants assert marijuana was found both at 11931 E. Warren and 11935 E. Warren and the raid additionally yielded "baggies and other containers filled with white powdery substances, some of which was being kept in a safe." (*Id.*). The Defendants argue "more evidence found at the scene then is necessary to substantiate the basis of the warrant." (*Id.*).

Plaintiffs reply is that "the City was not prosecuting unlicensed medical marijuana facilities at the time." (ECF No. 49, PageID.733). Plaintiffs argue that whether marijuana establishes independent probable cause justifying the Defendants' conduct is a question properly addressed at summary judgment, not in the midst of this discovery dispute. (*Id.* at PageID.734). Plaintiffs assert their § 1983 claims "turn on Defendants' conduct leading to the warrant" and Plaintiffs are entitled to discovery about the substance of the warrant. (*Id.*). As to the white powder, Plaintiffs assert body camera footage records Benitez saying the

5

substances were "mix"[1] and when he asked another officer for the results of the field test Benitez was told the results were "inconclusive." (*Id.* at PageID.735). Plaintiffs allege when Benitez was told field testing was negative, he responded "well, we knew." (*Id.*). Plaintiffs argue that Defendants have avoided addressing whether the CI here "either exists and/or can be located." (*Id.*). The Court shall first address Defendants' objection based on due process before turning to those involving the informer's privilege.

As to Interrogatory 6, which asks Defendants to identify which Defendant corresponds to which subject officer of Operation Clean Sweep, Defendants object because Operation Clean Sweep used numbers instead of names based on due process concerns. Defendants cite no authority for the proposition that this concern applies in the subsequent civil case and the Court has found no such authority. As Defendants have not shown this discovery request is improper, this information is discoverable.

The rest of Defendants' objections are that the information sought is protected by the informant privilege. The "informer's privilege" is the "Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). Yet the privilege is

---

[1] "i.e. a legal cutting agent[.]" (ECF No. 49, PageID.735).

not absolute and where "the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60–61. The Court has recognized there is "no fixed rule with respect to disclosure is justifiable," and the courts must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 62.

The Sixth Circuit extended the *Roviaro* balancing test to the civil context. *Holman v. Cayce*, 873 F.2d 944 (6th Cir. 1989). "In the context of civil litigation, the emphasis shifts from consideration of whether disclosure is necessary to an accused's defense to whether disclosure is essential to the fair determination of a party's cause." *Id.* at 946. If the question of whether the police had probable cause to enter plaintiff's residence is "ultimately and uniquely dependent the validity of the [s]earch [w]arrant" and "the truthfulness and reliability" of the information and communications from the CI, such a CI's testimony is "necessary and critical significance to Plaintiffs' ability to proceed with their case." *Hunt v. City of Toledo L. Dep't*, No. 3:10 CV 2896, 2012 WL 262609, at *9-10 (N.D. Ohio Jan. 27, 2012). Since Plaintiffs' claims relate directly to the validity and basis for this search warrant, the Court concludes the information and communications from the CI are essential to the fair determination of a party's cause.

7

The Court must weigh the importance of the identity of informant and the Defendants and CI's interest in non-disclosure. *Roviaro*, 353 U.S. at 62. Factors weighed in making this determination include, but are not limited to:

(1) in civil disputes, rather than criminal prosecutions, the plaintiff is not in jeopardy of conviction and imprisonment;

(2) the nature and extent to which the CI is under defendants' authority, supervision or control;

(3) whether defendant's reluctance to produce the CI gives rise to a presumption that the CI's testimony would be adverse to defendant's interests;

(4) whether, and to what extent, the CI's testimony might shed light on events surrounding plaintiff's allegations related to the issuance and/or execution of the search warrant;

(5) whether, and to what extent, the affidavit upon which the search warrant was issued included and/or relied upon information provided by the CI;

(6) whether a hypothetical affidavit, essentially identical to the affidavit in question, but stripped of reference to the CI, would have contained sufficient facts to support the issuance of a search warrant;

(7) whether the CI was present at and/or participated in the execution of the search warrant;

(8) concern for the safety and welfare of the CI, were his/her identity to be disclosed;

(9) concern for the ongoing willingness of the CI and his/her future usefulness to law enforcement, were his/her identity to be disclosed;

(10) concern for the chilling effect on CIs, generally, were knowledge of disclosure of a specific CI's identity to become widespread.

*Hunt*, No. 3:10 CV 2896, 2012 WL 262609, at *5–6 (citing *McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967)).

"If under the weight of the necessary level of scrutiny the Government cannot prove that the CI is living, then the privilege crumbles. It is clear that the 'death of the informant effectively extinguishes the very limited informant privilege.'" *Smith v. City of Detroit*, 212 F.R.D. 507, 510 (E.D. Mich. 2003) (quoting *Bergman v. United States*, 844 F.2d 353, 363 (6th Cir.1988) (J. Merritt dissenting)). "Therefore, as a condition precedent for invoking the informer's privilege, the government *must produce evidence* of the live informant." *Id.* (citing *Bergman* at 363) (emphasis added). While this precedent is not binding on this Court, it is persuasive. At a January 31, 2023, hearing, Defendants' counsel conveyed they have made no efforts to determine whether the CI is alive, much less if the CI can be located. As the government has produced no evidence of a live informant, nor made any efforts to attempt to do so, the Court concludes the Defendants may not invoke the informer's privilege.

Further, a number of the factors in weighing the importance of the identity of informant and the Defendants and CI's interest in non-disclosure counsel disclosure. Namely, the CI's testimony will likely help clarify events surrounding Plaintiffs' allegations related to the issuance of the search warrant. And the probable cause for the search warrant of 11935 E. Warren relies largely on the

9

information provided by the CI. These factors counsel disclosure. In contrast, Defendants do not argue there is concern for the safety and welfare of the CI, were their identity to be disclosed, nor do they assert there is concern for the ongoing willingness of the CI and their future usefulness to law enforcement, were their identity to be disclosed. In sum, the Court concludes the Defendants may not invoke the informer's privilege because they have neither demonstrated the condition precedent to invoke the privilege, nor do the relevant factors favor non-disclosure.

This Court does not take lightly its responsibility to protect the welfare and safety of the CI and the CI's family as well as the integrity of possible ongoing DPD investigations. That said, protective measures can be imposed to ensure the safety of the CI and protect their anonymity while concurrently furthering the interests of justice by allowing Plaintiffs to have fair access to information that could have a crucial impact on their case. Reviewing these factors in the current case this Court is persuaded that, if undertaken with all proper and necessary care and precautions, both fairness to the Plaintiffs and protection of the CI's safety can be achieved. For these reasons, the undersigned **GRANTS** Plaintiffs' motion to compel and **ORDERS** that Defendants' file the Confidential Informant's identity under seal.

Defendant must fully answer interrogatories 3, 4, 5, and 6 and produce pursuant to requests for production 6 and 7 within **21 days** of this Order.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: February 2, 2023,          s/Curtis Ivy, Jr.
                                                      Curtis Ivy, Jr.
                                                      United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on February 2, 2023.

s/Kristen MacKay
Case Manager
(810) 341-7850